1  SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
   Alan R. Plutzik (Bar No. 077785)
2  2125 Oak Grove Road, Suite 120
   Walnut Creek, CA  94598
3  Telephone: (925) 945-0770
   aplutzik@sbtklaw.com
4
       - and -
5
   Eric L. Zagar (Bar No. 250519)
6  Robin Winchester
   J. Daniel Albert
7  280 King of Prussia Road
   Radnor, PA  19087
8  Telephone: (610) 667-7706
   ezagar@sbtklaw.com
9  rwinchester@sbtklaw.com
   dalbert@sbtklaw.com
10
   *Lead Counsel for Lead Plaintiffs*
11
   (Additional Counsel Listed on Signature Page)
12
                 UNITED STATES DISTRICT COURT
13
                NORTHERN DISTRICT OF CALIFORNIA
14
                      SAN JOSE DIVISION
15

| 16 In re INTEGRATED SILICON SOLUTION, INC. SHAREHOLDER DERIVATIVE LITIGATION | Master File No. C-06-04387 RMW |
|---|---|
| 19 This Document Relates To: | **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT** |
| 20 ALL MATTERS | **Date:       August 8, 2008** **Time:       9:00 a.m.** **Location:   Courtroom 6, 4th Floor            Hon. Ronald M. Whyte** |

23
24       This memorandum of law is respectfully submitted by derivative lead plaintiffs Rick Tope

25  and Murray Donnelly ("Plaintiffs"), in support of the Motion for Preliminary Approval of Proposed

26  Settlement (the "Motion") pursuant to Rule 23.1 of the Federal Rules of Civil Procedure.[1]

27  _____
    [1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized
    terms used in this Joint Motion for Preliminary Approval of Settlement (the "Joint Motion") shall
28  have the meanings and/or definitions given in the Stipulation of Settlement dated June 30, 2008,

## I.      INTRODUCTION

This is a shareholder derivative action (the "Action") alleging breaches of fiduciary duties, unjust enrichment and certain other violations of state and federal laws in connection with an alleged backdating scheme of stock option grants at Integrated Silicon Solution, Inc. ("ISSI" or the "Company").  The Action seeks on behalf of the Company, among other things, damages, equitable relief, rescission, restitution and costs of the lawsuit including attorneys' fees. After many months of arm's length negotiations, the Parties hereto, that is, Plaintiffs, ISSI, and individual defendants Jimmy S.M. Lee, Gary L. Fischer, Lip-Bu Tan, Hide L. Tanigami, Kong-Yeu Han, Paul Jei-Zen Song, Michael D. McDonald and Thomas C. Doczy (collectively, the "Individual Defendants") have agreed to a settlement of all claims asserted against the Individual Defendants.

The Settlement has produced real and substantial benefits for ISSI and its shareholders, and constitutes an excellent resolution of a case of substantial complexity.  Moreover, the Settlement is eminently fair, reasonable and adequate to ISSI and its shareholders such that the Settlement should be preliminarily approved by this Court.  The purposes and intent of all Parties in entering into the Settlement are that, subject to the final approval of the Court, (i) the Action and the Released Claims shall be finally and fully compromised, settled, and released; and (ii) the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of the Stipulation.  In accordance with the provisions of the Stipulation, the Parties hereby move the Court for preliminary approval of the Settlement pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and request that this Court schedule a final Settlement Hearing, at which time Plaintiffs will seek final approval of the terms of the Settlement as fair, reasonable, and adequate.

The Parties ask the Court to enter the [Proposed] Order Preliminarily Approving Settlement and Notice ("Preliminary Approval Order"), (a) granting preliminary approval of the Settlement, (b) directing that notice be given to Current ISSI Shareholders, and (c) scheduling a hearing at which the Court will consider final approval of the Settlement ("Final Settlement Hearing") and

_____

(the "Stipulation") entered into by and between the Parties, the original of which is attached to this Joint Motion as Exhibit A to the Declaration of Robin Winchester in Support of the Motion for Preliminary Approval of Proposed Settlement ("Winchester Decl.").

1  Plaintiffs' Counsel's Fee and Expense Award.[2]  In determining whether preliminary approval is

2  warranted, the issue before the Court is whether the proposed settlement is within a range of what

3  might be found to be fair, reasonable, and adequate, such that notice of the proposed settlement

4  should be provided to ISSI's shareholders and the Final Settlement Hearing scheduled.

5        This Settlement is the result of protracted and arm's-length negotiations between the Parties

6  which extended over the course of nearly a year.  The Settlement provides substantial benefits to

7  ISSI, including certain monetary benefits to the Company and corporate governance reforms.

8  **II.      FACTS AND PROCEDURAL HISTORY**

9        The Action was commenced on July 18, 2006 when plaintiff Rick Tope, after research and

10  investigation, by and through his counsel Schiffrin Barroway Topaz & Kessler, LLP, filed in the

11  United States District Court for the Northern District of California a shareholder derivative

12  complaint captioned *Tope v. Lee, et al*., Case No. C06-04387 RMW (N.D. Cal.), against certain

13  current and former directors and officers of ISSI asserting claims based upon the alleged improper

14  accounting for stock option grants.  Shortly thereafter, on July 26, 2006, plaintiff Murray Donnelly

15  filed a similar complaint captioned *Donnelly v. Lee, et al*., Case No. C06-4545 (N.D. Cal.), alleging

16  the same or substantially the same claims as plaintiff Rick Tope.

17        On August 8, 2006, in response to the litigation filed by plaintiffs Rick Tope and Murray

18  Donnelly, ISSI's Board of Directors established a special committee (the "Special Committee")

19  composed of two independent directors to review the Company's historical stock option practices

20  and related accounting.  Thereafter, on October 24, 2006, ISSI filed a Form 8-K stating that its

21  Board of Directors, with the concurrence of the Special Committee, had determined that it should

22  restate its financial statements for various periods since its initial public offering ("IPO") in

23  February 1995 and that its financial statements and the related reports of its independent registered

24  public accounting firm, Ernst & Young and all related earnings press releases and communications

25  relating to periods after its IPO, should not be relied upon.[3]

---

26  [2]  As described herein and in the Stipulation, the award of attorneys' fees constitutes payment for
Plaintiffs' Counsel's services in both this Action and the State Action.

27

28  [3] On October 31, 2006, Plaintiff Alex Chuzhoy filed a Shareholder Derivative Complaint captioned
*Chuzhoy v. Lee, et al*., Case No. 1:06-CV-074031 (Santa Clara County Superior Court) (the "State

1    Plaintiffs filed their Consolidated Shareholder Derivative Complaint on November 27,

2  2006.[4]  On March 30, 2007, counsel for the Plaintiffs, Schiffrin Barroway Topaz & Kessler, LLP

3  and Nix, Patterson & Roach, L.L.P., met with counsel for ISSI to discuss a potential settlement

4  during which counsel was provided with further information relating to the facts and claims alleged

5  in the Action.  Thereafter, on April 18, 2007, the Plaintiffs sent a letter demand to ISSI which

6  included certain monetary and corporate governance components necessary for the resolution of

7  the litigation.  Beginning on or about April 18, 2007, the Plaintiffs, ISSI, and the Individual

8  Defendants engaged in extensive arm's-length settlement discussions.

9    On August 14, 2007, pursuant to stipulation of the parties, the Court entered a Settlement

10  Conference Order scheduling mediation before U.S. Magistrate Judge Richard Seeborg on October

11  9, 2007.  On October 9, 2007, the Federal and State Plaintiffs, ISSI and certain Individual

12  Defendants attended a mediation session before Judge Seeborg.  The parties were unable to resolve

13  the litigation at the October 9, 2007 mediation and scheduled another mediation with Judge

14  Seeborg for January 10, 2008.  In the interim, the parties continued their settlement discussions and

15  were able to resolve the litigation in advance of the January 10, 2008 mediation.

16  **III.    THE SETTLEMENT**

17    During the pendency of and in connection with the Action, ISSI initiated a Special

18  Committee investigation and thereafter implemented, began to implement, continued to implement,

19  or agreed to implement certain corporate governance reforms, modified its processes concerning

20  the granting and documentation of stock options, and modified its Compensation Committee

21  Charter, as detailed in Exhibit 1 attached to the Stipulation (the "Corporate Governance Reforms").

22  Specifically, the Settlement Committee of ISSI's Board of Directors approved the Settlement,

23  including the monetary relief, Corporate Governance Reforms, and attorneys' fees.    ISSI

24  

25  Action") purportedly on behalf of nominal defendant ISSI against individual defendants Jimmy
S.M. Lee, Gary L. Fischer, Lip-Bu Tan, Hide L. Tanigami, Kong-Yeu Han, Scott D. Howarth,
26  Chang-Chaio Han, Ching-Jen Hu, Ping K. Ko, and Bruce A. Wooley, asserting allegations similar
to those made in this Action.

27  [4] Thereafter, pursuant to stipulations of the Parties, the Court entered Orders extending the time for
Defendants to respond to the Consolidated Complaint in light of ongoing settlement discussions.
28

1    acknowledges and agrees that the litigation filed by Plaintiffs was a material factor in initiating the

2    Special Committee's investigation and the implementation of the Corporate Governance Reforms.

3         As part of the Settlement, Plaintiffs have obtained significant monetary benefits for the

4    benefit of the Company.  For example, Mr. Lee, the Company's Chief Executive Officer, paid

5    $257,329 in cash to ISSI, which represents the difference between what he paid in cash to exercise

6    176,390 stock options and what he would have paid if the options had been granted with exercise

7    prices equal to the share prices on the revised measurement dates incorporated in the Company's

8    restated financial statements.  Mr. Lee also agreed to amend and increase the exercise prices of all

9    stock options he had been granted so that the exercise prices equaled the share prices on the revised

10   measurement dates incorporated in the Company's restated financial statements, as follows: on

11   December 28, 2006, Mr. Lee voluntarily agreed to amend and increase the exercise price of 45,000

12   stock options, which resulted in the forfeiture of $197,550 of intrinsic value; and on May 30, 2007,

13   Mr. Lee agreed to re-price (i) 18,462 vested stock options to eliminate any gain associated with the

14   improper measurement date, which resulted in the forfeiture of $7,200 of intrinsic value, and (ii) an

15   additional 94,500 vested stock options, which resulted in the forfeiture of $995,458 of intrinsic

16   value.

17        Regarding Mr. Fischer, the Company's former Chief Financial Officer, on August 1, 2007,

18   he entered into a settlement with the Securities and Exchange Commission, captioned *Securities*

19   *and Exchange Commission v. Integrated Silicon Solution, Inc. and Gary L. Fischer*, No. C-07-3945

20   (N.D. Cal.) by which Mr. Fischer agreed to pay and has paid to ISSI $414,830 in cash, which

21   represents disgorgement of all pre-tax gain he realized from the exercise of improperly priced stock

22   options plus prejudgment interest.  Also, in December 2006, ISSI terminated the consulting

23   agreement it had entered into with Mr. Fischer in December 2005, which provided for up to three

24   years of consulting services.  Mr. Fischer was paid $87,115 of his $90,000 consulting fee for

25   calendar year 2006; he was not paid the additional $2,885. On December 28, 2006, Mr. Fischer

26   voluntarily agreed to amend and increase the exercise prices of 113,125 vested stock options so

27   that the exercise price equaled the stock price on the revised measurement dates incorporated in the

28

1  Company's restated financial statements, which resulted in the forfeiture of $303,619 of intrinsic

2  value. Finally, following the termination of his consulting agreement, ISSI determined not to

3  extend the exercise period and cancelled all of Mr. Fischer's 247,052 remaining vested options.

4  These included the 113,125 options repriced on December 28, 2006, plus certain additional

5  options, all of which were cancelled on January 22, 2007.

6      Mr. Tanigami and Mr. Song both agreed to amend and increase the exercise prices of

7  certain stock options so that the exercise price equaled the share prices on the revised measurement

8  dates incorporated in the Company's restated financial statements.  Mr. Tanigami agreed to reprice

9  2,500 stock options which resulted in the forfeiture of $2,350 of intrinsic value.  Mr. Song agreed

10 to reprice 20,000 stock options which resulted in the forfeiture of $87,800 of intrinsic value.  In

11 addition, on May 10, 2007, two current non-officer employees of ISSI, who were involved in

12 executing certain paperwork as part of the stock option granting process but are not defendants in

13 the Action, voluntarily re-priced a total of 10,830 stock options so that the exercise price equaled

14 the stock price on the revised measurement dates incorporated in the Company's restated financial

15 statements which resulted in the forfeiture of a total of $177,585 of intrinsic value.

16      The Settlement also provides for significant Corporate Governance Reforms including, but

17 not limited to the following: (a) the adoption of enhanced processes with respect to the grant

18 exercise, and documentation of, and controls regarding future equity grant awards at the Company;

19 (b) the establishment of annual training programs concerning stock option documentation,

20 including plan documents, agreements, and approving resolutions, to ensure compliance and

21 understanding of material terms by representatives of finance, human resources and stock

22 administration personnel; (c) the adoption of certain enhanced practices relating to the Audit and

23 Compensation Committees and ISSI's Board of Directors; (d) a compensation "clawback"

24 provision; and (e) the Nominating and Governance Committee of ISSI's Board of Directors has

25 filled the board seats previously held by directors Bryant Riley, Melvin Keating, and Ping K. Ko

26 with four new independent directors: Jonathan Khazam, Paul Chien, John Zimmerman, and

27 Stephen Pletcher.  *See also* Exhibit 1 to the Stipulation.

28

1    The numerous Corporate Governance Reforms provided for by the Settlement, several of

2 which are outlined above, are designed both to address and to prevent weaknesses in internal

3 controls relating to the Company's stock option granting processes.  In addition, the Corporate

4 Governance Reforms are also expected to yield positive changes in many areas, with a focus on

5 ISSI's policies and procedures regarding the granting of options and other compensation.  ISSI

6 agrees that the Settlement of the Action and the Corporate Governance Reforms specified in the

7 Stipulation provide a substantial benefit to ISSI and its shareholders and acknowledges that the

8 Action was a substantial and material causal factor in implementing and adopting the Corporate

9 Governance Reforms and securing the monetary relief set forth in the Stipulation.  The Settlement

10 was negotiated at arm's-length in good faith by the Parties and reflects an agreement that was

11 reached voluntarily after consultation with competent legal counsel.

12 **IV.    ARGUMENT**

13    **A.    The Proposed Settlement Warrants Preliminary Approval**

14    Preliminary approval is the first of three steps that comprise the approval procedure for

15 settlement of a shareholder derivative action.  *See* Manual for Complex Litigation, § 13.14 (4th ed.

16 2004).  The second step is the dissemination of notice of the settlement to all shareholders.  *Id*.  The

17 third step is a settlement approval hearing.  *Id.*  As stated in the Manual for Complex Litigation,

18 §13.14, at 173 (4th ed. 2004), "[f]irst, the judge reviews the [proposed settlement] preliminarily to

19 determine whether it is sufficient to warrant public notice and a hearing."   The preliminary

20 approval criteria are as follows:

21    If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt
      its fairness or other obvious deficiencies … and appears to fall within the range of possible
22    approval, the court should direct that notice … be given to the class members of a formal
      fairness hearing, at which arguments and evidence may be presented in support of and in
23    opposition to the settlement.

24 Manual for Complex Litigation, §30.41, at 237 (3d ed. 1995).

25    Preliminary approval is merely the prerequisite to giving notice so that the proposed

26 Settlement may be submitted to the Company's shareholders for their acceptance or rejection.  *See*

27 *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F. Supp.

28

1   364, 372 (E.D. Pa. 1970).  There is an initial presumption of fairness when a proposed settlement

2   that was negotiated at arm's-length by counsel for the parties is presented for court approval.  2 H.

3   Newberg & A. Conte, Newberg on Class Actions, § 11.41 (3rd ed. 1992).  Moreover, settlements

4   of shareholder derivative litigation are "particularly favored" and are not to be lightly rejected by

5   the courts. *See Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983); *Principe v. Ukropina*,

6   47 F.3d 373, 378 (9th Cir. 1995) ("we have a 'strong judicial policy that favors settlements'")

7   (citations omitted).

8        Importantly, preliminary approval does not require the trial court to answer the ultimate

9   question – whether a proposed settlement is fair, reasonable and adequate. *See*, Manual for

10  Complex Litigation, §13.14 ("First, the court reviews the proposal preliminarily to determine

11  whether it is sufficient to warrant public notice and a hearing.  If so, the final decision on approval

12  is made after the hearing.").  Rather, that determination is made only after notice of the settlement

13  has been given to shareholders and after they have been given the opportunity to comment on the

14  settlement.  *See* 5 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE 23.83[1], at 23-

15  336.2 to 23-339 (3d ed. 2002).

16       The Settlement offers the Company's shareholders the benefit of substantial, immediate,

17  and lasting corporate governance changes, not to mention significant monetary relief.   The

18  Settlement provides for improvements to the Company's equity granting practices, disclosure

19  obligations, and oversight.  The Settlement was negotiated at arm's-length in good faith by the

20  Parties, and reflects an agreement that was reached voluntarily after consultation with competent

21  legal counsel.

22       Among the factors favoring settlement on the terms proposed in the Stipulation are:

23       a.     the uncertainty of the legal issues underlying the allegations in the Action;

24       b.     the assurance that ISSI's shareholders will obtain benefits of the Settlement

25  regardless of the outcome of further litigation;

26       c.     the economy of costs/exposure reduction for the benefit of the Parties;

27       d.     the costs, burden and distraction of continued litigation; and

28

1    e.    the prevailing consideration in all compromises and settlements that the Parties

2 weigh the advantages and benefits of settlement against the risks of loss.

3    Plaintiffs further represent to the Court that, while the Defendants have denied, and

4 continue to deny, the allegations in the Action, the Settlement and the consideration therefore are

5 fair, reasonable, and adequate, considering:

6    a.    the complexity, expense, and potential duration of the litigation with respect to the

7 further participation of the Parties;

8    b.    the procedural posture of the proceedings; and

9    c.    the immediate benefits to the shareholders of ISSI arising out of the Settlement.

10    Plaintiffs' Counsel represent to the Court that, in their opinion, the Settlement, as proposed,

11 is fair, reasonable, and adequate, especially in view of the uncertainties and vagaries of further

12 litigation with the Defendants, the immediate benefits obtained for the shareholders of ISSI and the

13 nature of the relief sought.  The Parties now seek this Court's preliminary approval of the

14 Settlement, in accordance with the Stipulation which, together with the Exhibits annexed thereto,

15 sets forth the terms and conditions for a proposed settlement of the litigation and for dismissal of

16 the litigation with prejudice upon the terms and conditions set forth therein.  Because the proposed

17 settlement falls "within the range of possible approval," it should be preliminarily approved by the

18 Court.  Manual for Complex Litigation, §30.41, at 237 (3d Ed. 1995).

19 **V.    PROPOSED SCHEDULE**

20    In accordance with the provisions of the Stipulation, the Parties present for the approval of

21 the Court the following proposed plan:

22    a.    Following the Court's preliminary approval of the Settlement, Notice to all of ISSI's

23 shareholders, by the filing of a Form 8-K with the SEC and the issuance of a press release, in the

24 form attached to the Stipulation as Exhibit A-1, shall be disseminated in accordance with the terms

25 contained in the Stipulation, informing Current ISSI Shareholders of their right to object to the

26 terms of the proposed Settlement and to be heard on their objections in the Final Settlement

27 Hearing to be conducted at a prescribed time and place and in a prescribed manner.

28

b.      To assure that the shareholders of ISSI are fully informed of (a) the proposed Settlement; (b) their rights to review the proposed Settlement documents; (c) their right to object to the proposed Settlement; and (d) the means whereby they may make their objections and be heard thereon at the Settlement Hearing to be held by the Court at a designated time and place, the Parties suggest that the Notice be approved by the Court and ordered disseminated to ISSI shareholders, as provided in the Preliminary Approval Order, in accordance with due process, the laws of Delaware and Rule 23.1 of the Federal Rules of Civil Procedure.  In accordance with the terms of the Preliminary Approval Order, ISSI shall be responsible for disseminating the Notice.

c.      The Final Settlement Hearing shall be conducted in such manner as to assure full compliance with applicable considerations of due process of law and the provisions of the Federal Rules of Civil Procedure.

d.      To facilitate the proposed Settlement and in the interests of judicial economy, Plaintiffs request that the prosecution of any and all related actions and proceedings (including discovery) by, on behalf of, or through any ISSI shareholders against any of the Defendants (excluding, however, those proceedings within the Action necessary to obtain final approval of the Settlement embodied in the Stipulation), should be enjoined and stayed during the pendency of these Settlement proceedings and until further ordered by this Court.

Therefore, the Parties respectfully request that:

    i.      the Court review the Stipulation, and that the Stipulation and the Settlement contained therein be preliminarily approved by the Court as fair, reasonable, and adequate, entered into in good faith after consultation with competent legal counsel (*See* [Proposed] Order Preliminarily Approving Settlement, attached to the Stipulation as Exhibit A);

    ii.     the Court approve the form of Notice to Current ISSI Shareholders attached to the Stipulation as Exhibit A-1, and order its dissemination to ISSI shareholders as provided in the Stipulation, so that the Court may obtain and consider comments/objections of the shareholders, if any, regarding the Stipulation and the Settlement set forth therein and consider its fairness, reasonableness, and adequacy;

    ii.     the Court schedule a Final Settlement Hearing for final court approval, at which time (a) the parties will seek final approval of the terms of the Settlement, as defined in the Stipulation, to consider comments/objections regarding the Stipulation and the proposed Settlement set forth therein, and to consider its fairness, reasonableness, and adequacy under the provisions

1
2
3
4
5

of the Federal Rules of Civil Procedure, and (b) Plaintiffs' Counsel will seek an award of attorneys' fees and expenses payable to Plaintiffs' Counsel in the amount of up to $2,100,000.00 the payment of which is agreed to by the Defendants as fair and reasonable in light of the common benefit created on behalf of Current ISSI Shareholders.  Prior to the scheduled Final Settlement Hearing, Plaintiffs' Counsel will file a memorandum of law supporting final approval of the terms of the Settlement and approval of the attorneys' fees and expenses no later than ten (10) days before for the Final Settlement Hearing;

6
7
8
9

iv.    the Court enjoin and stay the commencement and/or prosecution of any and all actions and proceedings relating to the Action (including discovery) by, on behalf of, or through any Current ISSI Shareholder against any of the Defendants (excluding, however, those proceedings within the Actions necessary to obtain final approval of the Settlement embodied in the Stipulation), during the pendency of this Settlement proceeding and until further ordered by this Court;

10
11
12
13
14
15
16

v.    should the Stipulation and the Settlement set forth therein not receive this Court's final approval, should final approval be reversed on appeal, or should the Stipulation and the Settlement set forth therein otherwise fail to become effective, the Settling Parties shall be returned for all purposes to the status that existed just prior to the execution of the Stipulation on June 30, 2008, and all claims and defenses, including the right to assert jurisdictional defenses, shall not be deemed to be waived, and the Stipulation, as well as any negotiations, proceedings, documents prepared and statements made in connection therewith, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Actions or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*;

17
18
19

vi.    any Current ISSI Shareholder who timely and properly files the appropriate documentation or an objection to the Settlement, as provided in the Notice, may appear at the Final Settlement Hearing and articulate why the Settlement should not be approved as fair, reasonable, and adequate;

20
21
22

vi.    in due course, and after appropriate notice and hearing(s), final judgment be entered by the Court, approving the Settlement, and all terms thereof as provided in the Stipulation, and dismissing with prejudice the Federal Action as set forth in the Stipulation, under the terms and conditions of the Stipulation, against the Defendants (*See* [Proposed] Order and Final Judgment, attached to the Stipulation as Exhibit B);

23
24

viii.   the Court maintain continuing jurisdiction solely for purposes of the Settlement proceedings to assure the effectuation thereof for the benefit of the Settlement; and

25

ix.    the Court allow any such other relief that this Court deems appropriate.

26

## VI.    CONCLUSION

27      The Settlement achieved is an excellent result, given the risks and delays inherent in the

28 Action, and the complexity and expense if the case proceeded to trial.  Given the substantial benefit

1  the Settlement promises to ISSI and its shareholders, Plaintiffs and their counsel respectfully

2  request that the Court preliminarily approve the proposed Settlement, direct the issuance of Notice

3  and schedule a fairness hearing to consider final approval of the Settlement.

4

5  DATED: July 24, 2008                          Respectfully submitted,

   SCHIFFRIN BARROWAY TOPAZ &
6                                                KESSLER, LLP

7

8                                                /s/   Eric L. Zagar
                                                 Eric L. Zagar
9                                                Robin Winchester
                                                 J. Daniel Albert
10                                               280 King of Prussia Road
                                                 Radnor, PA  19087
11                                               Telephone: (610) 667-7706
                                                 ezagar@sbtklaw.com
12                                               rwinchester@sbtklaw.com
                                                 dalbert@sbtklaw.com
13
                                                 *Lead Counsel for Lead Plaintiffs*
14

15                                               NIX PATTERSON & ROACH, L.L.P.

16

17                                               /s/   Jeffrey J. Angelovich
                                                 Jeffrey J. Angelovich
18                                               205 Linda Drive
                                                 Dangerfield, TX 75368
19                                               Telephone:  (903) 645-7333
                                                 Facsimile: (903) 645-4415
20                                               jangelovich@nixlaw.com

21                                               *Additional Counsel for Plaintiffs*

22

23

24

25

26

27

28

1

**ECF CERTIFICATION**

2          I, Eric L. Zagar, am the ECF User whose identification and password are being used to file

3 this Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary

4 Approval of Proposed Settlement and accompanying Exhibits.

5 Dated:  July 24, 2008

6

7                                        SCHIFFRIN BARROWAY
                                       TOPAZ & KESSLER, LLP

8

9                                        By:  ____/s/ Eric L. Zagar_____
                                              Eric L. Zagar

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28