**United States District Court**
For the Northern District of California

E-FILED on     8/12/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re INTEGRATED SILICON SOLUTION, INC. SHAREHOLDER DERIVATIVE LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>   ALL ACTIONS. | No. C-06-04387 RMW<br><br>ORDER DEFERRING RULING ON MOTION FOR PRELIMINARY APPROVAL AND REQUESTING FURTHER BRIEFING<br><br>**[Re Docket No. 45]** |

On August 8, 2008, the court heard argument from counsel for the plaintiffs and for Integrated Silicon Solution, Inc. requesting that the court grant its preliminary approval of the parties' settlement of these cases. The court declines to rule on the motion at this time and requests additional briefing on the following questions:

1. How can the court distinguish the value that the plaintiffs have generated by this settlement from the actions Integrated Silicon took in response to its internal investigation or in response to the SEC?

2. The disclosure of the value of the options repricings does not demonstrate 1) the grant date of the options that were repriced or 2) the amount of the repricings. Without this information, how can the court gauge whether the repricings generated "value" for the

company?  For example, if the repriced stock options were far underwater, how much is repricing them to "fair market value" really worth to the company?

    a.    What are the statuses of the options granted to Messrs. Han, Doczy and McDonald that plaintiffs alleged were backdated?

3. Did Wilson Sonsini represent Integrated Silicon during the period of alleged backdating?  If so, did Wilson Sonsini advise Integrated Silicon on its compensation plans?  If so, does that raise a conflict in this case because the release in the settlement extends to Integrated Silicon's lawyers?

4. What is the lodestar for the work of the plaintiffs' attorneys?

At the hearing, counsel for Integrated Silicon represented that it would provide additional information from Latham & Watkins regarding its internal investigation of Integrated Silicon.  The court would welcome any such submission.  The court would also welcome any submission from the SEC that would substantiate plaintiff's counsel's argument that the plaintiffs, not the SEC, did the lion's share of the work investigating Integrated Silicon.

DATED:    8/11/2008

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

ORDER DEFERRING RULING ON MOTION FOR PRELIMINARY APPROVAL AND REQUESTING FURTHER BRIEFING
C-06-04387 RMW
TSF    2

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Lawrence Timothy Fisher | ltfisher@bramsonplutzik.com |
| James Arthur Maro | jmaro@sbtklaw.com |
| Alan R Plutzik | aplutzik@bramsonplutzik.com |
| Kathryn Anne Schofield | kschofield@bramsonplutzik.com |
| Eric L. Zagar | ezagar@sbtklaw.com |

**Counsel for Integrated Silicon:**

| | |
|---|---|
| Nicole M. Healy | nhealy@wsgr.com |
| Christopher R. Howald | chowald@wsgr.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 8/12/2008

TSF
**Chambers of Judge Whyte**