BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP
Alan R. Plutzik (Bar No. 077785)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0770
aplutzik@btkmc.com

Eric L. Zagar (Bar No. 250519)
Robin Winchester
J. Daniel Albert
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
ezagar@btkmc.com
rwinchester@btkmc.com
dalbert@btkmc.com

E-filed on  6/9/09

*Lead Counsel for Lead Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re INTEGRATED SILICON SOLUTION, INC. SHAREHOLDER DERIVATIVE LITIGATION | Master File No.: C-06-04387 RMW |
|---|---|
|  | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| This Document Relates To: ALL MATTERS . |  |

FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing on June 5, 2009, pursuant to the Order of this Court, dated March 31, 2009 ("Order"), on the application of the parties for approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated as of June 30, 2008 (the "Stipulation").  Due and adequate notice having been given to current Integrated Silicon Solution, Inc. ("ISSI") shareholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all parties to the Actions, including the Plaintiffs, Current ISSI Shareholders and the Defendants.

3. The Court finds that the Notice of Proposed Settlement of Derivative Action, Hearing Thereon, and Right to Appear (the "Notice") provided to Current ISSI Shareholders was the best notice practicable under the circumstances.  The Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4. The Actions and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice.  As between Plaintiffs and Defendants, the parties are to bear their own costs, except as otherwise provided in the Stipulation regarding the Fee and Expense Award.

5. The Court finds that the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. Upon the Effective Date, as defined in the Stipulation, ISSI, the Current ISSI Shareholders and the Plaintiffs (acting on their own behalf and, derivatively on behalf of ISSI) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever

1  released, relinquished and discharged the Released Claims against the Released Persons and any
2  and all causes of action or claims (including Unknown Claims) that have been or could have
3  been asserted in the Actions by Plaintiffs, ISSI or any Current ISSI Shareholders individually or
4  derivatively on behalf of ISSI, against the Individual Defendants or the Released Persons arising
5  out of or relating to the facts, transactions, events, occurrences, acts, disclosures, statements,
6  omissions or failures to act which were alleged or could have been alleged in the Actions through
7  the date of the Settlement.  Nothing herein shall in any way impair or restrict the rights of any
8  Settling Party to enforce the terms of the Stipulation.

9  7. Upon the Effective Date, as defined in the Stipulation, each of the Released
10 Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and
11 forever released, relinquished and discharged each and all of the Plaintiffs and Plaintiffs'
12 Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection
13 with, the institution, prosecution, assertion, settlement or resolution of the Actions or the
14 Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling
15 Party to enforce the terms of the Stipulation.

16  8. The Court hereby approves the Fee and Expense Award in accordance with the
17 Stipulation and finds that such fee is fair and reasonable.

18  9. Neither the Stipulation nor the Settlement, nor any act performed or document
19 executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be
20 deemed to be or may be offered, attempted to be offered or used in any way by the Settling
21 Parties or any other Person as a presumption, a concession or an admission of, or evidence of,
22 any fault, wrongdoing or liability of the Defendants; or of the validity of any Released Claims; or
23 (b) is intended by the Settling Parties to be offered or received as evidence or used by any other
24 person in any other actions or proceedings, whether civil, criminal or administrative.  Released
25 Persons may file the Stipulation and/or this Judgment in any action that may be brought against
26 them in order to support a defense or counterclaim based on principles of *res judicata*, collateral
27 estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any
28 other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. During the course of the litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws and rules.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Actions and the parties to the Stipulation to enter any further orders as may be necessary to effectuate the Stipulation, the Settlement provided for therein and the provisions of this Judgment.

12. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 6/9/09

*Ronald M. Whyte*
THE HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE                    -3-